UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | |
|---|---|
| THIRPLUS MOOSE, | ) |
| Petitioner, | ) Civil Action No. 6: 17-57-DCR |
| v. | ) |
| SANDRA BUTLER, Warden, | ) **MEMORANDUM OPINION** |
| Respondent. | ) **AND ORDER** |

\*\*\* \*\*\* \*\*\* \*\*\*

In 2012, Petitioner Thirplus Moose pled guilty to conspiracy to commit bank robbery, armed bank robbery with forcible restraint, and the use or discharge of a firearm during a crime of violence. *See United States v. Moose*, No. 4: 08-cr-262-GAF-2 (W.D. Mo. 2008). Moose subsequently was sentenced to 420 months in prison. *See id.* Moose waived the right to appeal his conviction or sentence. The waiver was upheld on direct appeal. *See id.*

Moose then filed multiple petitions for writs of habeas corpus. He argued in these petitions that, among other things, the federal court lacked jurisdiction in his criminal case. The United States District Court for the Central District of Illinois repeatedly denied the petitions as frivolous. *See Moose v. United States*, No. 1: 16-cv-01296-JES (C.D. Ill. 2016); *Moose v. United States*, No. 1: 16-cv-01347 (C.D. Ill. 2016); *Moose v. United States*, No. 1: 16-cv-01403-JBM (C.D. Ill. 2016).

Moose is now confined at the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Moose has filed yet another petition for a writ of habeas corpus in which he claims that his "alleged crime(s) was not committed within the territorial jurisdiction of the United States." [Record No. 1 at 2] While Moose does not clearly indicate whether he is seeking relief under 28 U.S.C. § 2241 or § 2255, it is clear that his latest petition once again lacks merit.

Moose erroneously and confusingly argues that the "United States has no territorial jurisdiction over non-federally owned areas inside the territorial jurisdiction of the States within the American Union," and he wrongly adds that "[j]urisdiction of land and/or property within state boundaries belong to the state to enforce its criminal laws and the United States cannot assume jurisdiction without filing a notice of acceptance with the Governor of the State." [Record No. 1 at 1] Simply put, this argument is baseless. In fact, as the United States District Court for the Central District of Illinois already noted, the laws of the United States apply to all persons within its borders, including Moose. *See United States v. Phillips*, 326 F. App'x 400 (7th Cir. 2009) (recognizing that "a district court has personal jurisdiction over any defendant brought before it on a federal indictment charging a violation of federal law").

Federal courts are authorized to dismiss any habeas petition that appears to be legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994). Moose's petition clearly falls within that category. Accordingly, it is hereby

**ORDERED** as follows:

1. Moose's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket as frivolous.

3. A corresponding judgment will be entered this date.

This 11th day of May, 2017.

Signed By:
*Danny C. Reeves* DCR
United States District Judge